514 F.2d 1209
 75-1 USTC P 9444
 Glen A. JORDAN and Virginia D. Jordan, Appellants-Cross Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee-Cross Appellant.
INSURANCE SALES AND MANAGEMENT COMPANY, Appellant-Cross Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee-Cross Appellant.
 Nos. 74-1390, 74-1410, 74-1412, 74-1389 and 74-1411.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 10, 1975.
Decided May 6, 1975.
 
 W. Dane Clay, Rose, Nash, Williamson, Carroll & Clay, Little Rock, Ark., for Jordan & Insurance Sales.
 Louis A. Bradbury, Atty., Dept. of Justice, Tax Div., Washington, D. C., for C. I. R.
 Before VAN OOSTERHOUT, Senior Circuit Judge, ROSS, Circuit Judge, and TALBOT SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Before us are appeals by Glen A. and Virginia D. Jordan in their individual capacity and Insurance Sales & Management Company, a corporation, from judgment of the United States Tax Court disallowing the Jordans certain alleged business expense deductions incurred in 1965 and 1966 and attributing certain income and deductions to Glen A. Jordan personally rather than his wholly owned corporation, Insurance Sales & Management Company, for the company's taxable years 1962-1966. The Tax Court's opinion is reported. Jordan v. Commissioner, 60 T.C. 872 (1973).
 
 
 2
 A detailed discussion of the facts and applicable law is set out in the Tax Court's opinion and need not be repeated here. In the taxable year 1965 taxpayer Jordan[1] claimed an ordinary business expense deduction of $194,795.26 for expenses he incurred in the purchase of 38,066 shares of stock of Republic Investors Life Insurance Company. Taxpayer on his 1966 tax return claimed $9,921.17 for expenses incurred in 1966 for acquisition of 301 shares pursuant to the rescission offer. These shares were acquired pursuant to an "Offer of Rescission" made by taxpayer whereby taxpayer and others offered to purchase restricted shares of stock originally offered to and purchased by the public without disclosure that certain non-restricted shares were being offered to key employees and promotors of Republic Investors Life Insurance Company. The deduction claimed represents the excess of the purchase price over what the taxpayer claims was the fair market value of the stock plus expenses. Justification for the deduction is that a valid business expense was incurred because the offer of rescission was made to protect his business reputation. The Tax Court in a well-reasoned opinion upheld the Commissioner's disallowance of the deduction, holding that the price paid for the shares was the fair market value of the stock and constituted a capital expenditure.
 
 
 3
 Pursuant to authority granted in 26 U.S.C. § 482,[2] the Commissioner allocated the income and deductions claimed by Insurance Sales & Management Company to Glen A. Jordan personally for the taxable years 1962-66. The income claimed by Insurance Sales & Management Company, which was wholly owned by Jordan, consisted of override commissions paid by Republic Investors Life Insurance Company for services rendered. Jordan was the only paid employee of Management Company during the years in question. The Tax Court upheld the Commissioner's allocation.
 
 
 4
 On appeal taxpayers present two issues for review.
 
 
 5
 1. Whether the Tax Court erred in allocating the expenses incurred by Glen A. Jordan pursuant to the offer of rescission to the cost of the stock acquired rather than allowing an ordinary and necessary business expense deduction; and
 
 
 6
 2. whether the entire gross income of the management company for the tax years in question is attributable to taxpayer under 26 U.S.C. § 482.
 
 
 7
 Our careful review of the record convinces us that there is no error in the disposition of this case by the Tax Court. The reported opinion is thorough and well-reasoned. The Tax Court's findings are supported by substantial evidence and its decision was not induced by any erroneous view of the law. We affirm on the basis of the Tax Court's opinion.
 
 
 8
 The judgment is affirmed on all taxpayers' appeals.
 
 
 9
 The Commissioner has taken a protective cross appeal to be considered in event the judgment of the Tax Court is reversed. Since the judgment of the Tax Court has been affirmed on the appeals of all taxpayers, the Commissioner's cross appeal is dismissed.
 
 
 
 *
 The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Virginia D. Jordan is a plaintiff here by reason of the joint tax return she filed with her husband for the taxable years in question
 
 
 [2]
 26 U.S.C. § 482 allows the Commissioner to allocate income and deductions among taxpayers to reflect actual income distribution among wholly owned businesses